IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>**Power Home Solar, LLC**,<br><br>Debtor. | Chapter 7<br><br>Case No. 22-50228 |
| **JIMMY R. SUMMERLIN, JR., in his capacity as Chapter 7 bankruptcy trustee for the Estate of Power Home Solar, LLC d/b/a Pink Energy,**<br><br>Plaintiff,<br><br>v.<br><br>**ALAN J. SUSSMAN & ASSOCIATES, LLC D/B/A THE SUSSMAN AGENCY, FRANKLIN COMMUNICATIONS, INC. D/B/A COLUMBUS RADIO GROUP, SCRIPPS MEDIA, INC., AND NEXSTAR LLC,**<br><br>Defendant. | Adv. Pro. No. 24-03063 |

## PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff Jimmy R. Summerlin, Jr. (the "Plaintiff") as the Trustee for the Bankruptcy Estate of Power Home Solar, LLC d/b/a Pink Energy (the "Debtor"), by and through counsel, and pursuant to Rule 7015 of the Federal Rules of Bankruptcy Procedure, respectfully moves this Court for leave to file an Amended Complaint in this case (attached as **Exhibit A** incorporated herein by reference, the "Amended Complaint"), and in support thereof show as follows:

## LEGAL BACKGROUND

1.      The Plaintiff is the duly appointed, acting, and qualified Chapter 7 Trustee for the Bankruptcy Estate of the Debtor.

1

2.      The Debtor is the debtor in the bankruptcy case bearing Case Number 22-50228 (the "Bankruptcy Case"), filed on October 7, 2022 (the "Petition Date"), and pending in the United States Bankruptcy Court for the Western District of North Carolina (the "Court").

3.      The Court has jurisdiction in this matter by virtue of 28 U.S.C. §§ 157 and 1334, and the general order of reference for this judicial district.

4.      This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

5.      Venue of this action is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND WITH NEXSTAR

6.      Plaintiff filed the Complaint in this action on October 3, 2024 [Doc. 1] (the "Complaint").

7.      As more fully stated in the Complaint, during the course of the Trustee's pre-filing investigation, the Trustee found transfers logged within the Debtor's accounting system, which were made to satisfy an amount due to Defendant Alan J. Sussman & Associates, LLC d/b/a The Sussman Agency is a Michigan limited liability company ("Sussman"), but which were received by third parties. *See e.g.*, Complaint ¶¶ 22-28.

8.      One such third party recipient found in a Debtor transaction record was "Nexstar".

9.      The Plaintiff has found no information for "Nexstar" in the Debtor's accounting software. There is no entry of "Nexstar" as a vendor to the Debtor.

10.     Nexstar does not appear in the Debtor's schedules. *See gen*. Bankruptcy Case Doc. Nos. 1, 104, 105, 159.

11.     Upon last review, no company including the name "Nexstar" has filed a claim in this bankruptcy case. *See gen*. Claims Register.

12.     Plaintiff conducted a pre-filing investigation on the corporate identity of "Nexstar".

4919-2097-8955, v. 1

13.     Due to the Debtor's significant pre-petition activities within the State of Michigan, Plaintiff concluded that the appropriate "Nexstar" defendant to name in this action was the Michigan entity, Nexstar, LLC.

14.     On October 10, 2024 copies of the Complaint and summons [Doc. 2] (the "Summons") were deposited via certified mail receipt requested, and regular U.S. Mail, addressed to the Defendant at its registered address for service as follows:

> NexStar LLC
> c/o Michael Labuda, Registered Agent
> 14859 Champaign
> Allen Park, MI 48101.

15.     Plaintiff received no response to the Complaint and Summons from Nexstar LLC.

16.     Plaintiff unsuccessfully attempted to contact Nexstar, LLC regarding the Complaint and Summons.

17.     Plaintiff has now determined that he may have been mistaken in identifying the proper "Nexstar" entity.

18.     Plaintiff believes the correct legal name of the "Nexstar" Defendant in this action is either Nexstar Media Group, Inc. or its subsidiary, Nexstar Media, Inc. d/b/a Nexstar Broadcasting, Inc., both Delaware corporations (the "Substituted Defendants").

19.     Plaintiff formally mailed copies of the Summons and Complaint to the Substituted Defendants at the following addresses by both regular U.S. Mail and certified mail, return receipt requested, on December 13, 2024:

> a.  Nexstar Media Group, Inc.
>     c/o Corporation Service Company
>     d/b/a CSC-Lawyers Inc.
>     Registered Agent
>     211 E. 7th Street, Suite 620
>     Austin, TX 78701

4919-2097-8955, v. 1

    b.  Nexstar Media Group, Inc.
        c/o Perry A. Sook, Chairman and CEO
        545 E John Carpenter Fwy, Ste 700
        Irving, TX 75062-3932

    c.  Nexstar Media Inc.
        d/b/a Nexstar Broadcasting, Inc.
        c/o Corporation Service Company
        d/b/a CSC-Lawyers Inc.
        Registered Agent
        211 E. 7th Street, Suite 620
        Austin, TX 78701

    d.  Nexstar Media Inc.
        d/b/a Nexstar Broadcasting, Inc.
        c/o President
        545 E John Carpenter Fwy, Ste 700
        Irving, TX 75062-3932

20.    The foregoing addresses are the registered mailing addresses and the principal places of business for the Substituted Defendants as provided in the business registration records of the State of Texas, where the Substituted Defendants are headquartered. A copy of the notification letter and delivery confirmation of the certified mail are attached hereto as **Exhibit B** and incorporated herein by reference.

## BASIS FOR THE RELIEF REQUESTED

21.    Rule 15 of the Federal Rules of Civil Procedure, as incorporated by Rule 7015 of the Bankruptcy Rules, governs a plaintiff's motion for leave to file an amended complaint and provides: "… a party may amend its pleading only with the opposing party's written consent or the court's leave. *The court should freely give leave when justice so requires*." Fed. R. Civ. P. 15(a)(2) (emphasis added).

22.    Under Fourth Circuit law, Rule 15(a) is liberally construed and "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party,

there has been bad faith on the part of the moving party, or the amendment would have been futile."
*Laber v. Harvey*, 438 F.3d 404, 426-27 (4th Cir. 2006)(citations omitted).

23.     "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Id*. at 427.  Thus, "[a] common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial.'" *Id*.

24.     In this case, the Court should allow Plaintiff leave to file an amended complaint for the following reasons: (i) the Defendant is not prejudiced by an amendment because the amendment merely modifies the Defendant's name, (ii) Plaintiff has not acted in bad faith in seeking leave to amend, and (iii) the requested amendment is occurring early in the proceeding.

25.     Further, the amendment should relate back to the date of filing the Complaint.

26.     Rule 15(c)(1)(C) provides that:

> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>
>> (A) the law that provides the applicable statute of limitations allows relation back;
>>
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>>
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

4919-2097-8955, v. 1

F.R.C.P. 15(c)(1).

27.     The Supreme Court interpreted this rule in *Krupski v. Costa Crociere S.p.A.*  560 U.S. 538, 130 S.Ct. 2485, 2488 (2010).   In that case, a plaintiff had incorrectly named a corporate defendant, bringing her claims against an entity which had a similar name. *Id.* at 543-44. The proper, substituted defendant in the case argued the claims in the plaintiff's amended complaint should not relate-back as to the proper defendant because the plaintiff "knew or should have known" the proper party's identity; she made a "deliberate choice instead of a mistake".  *Id.* at 545-46.

28.     The Supreme Court rejected this argument, holding that the correct inquiry is not whether a plaintiff knew or should have known the identity of the proper defendant, but whether the prospective defendant knew or should have known during the Rule 4(m) period that it would have been named as a defendant but for an error.  *Id.* at 548.

29.     As the Court explained:

> This reading is consistent with the purpose of relation back: to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits. A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.
>
> *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550, 130 S.Ct. 2485, 2494 (2010)(internal citations omitted).

30.     A comparison of the original Complaint and proposed Amended Complaint is attached hereto as **<u>Exhibit C</u>** and incorporated herein by reference.

4919-2097-8955, v. 1

31.     As shown in Exhibit C, Plaintiff requests leave of Court to amend the Complaint for the purpose of amending the Nexstar Defendant's name.  The claims and transactions alleged against all Defendants remain unchanged.

32.     As of the date of filing this Motion, the period for service of the Complaint and Summons provided by Rule 4(m) has not lapsed.

33.     Within the Rule 4(m) period, the Substituted Defendants have received copies of the Complaint and Summons by (i) first class mail to the registered mailing address and the principal place of business on December 13, 2024, and (ii) confirmed delivery by certified mail on December 18, 2024.

34.     Based on the above facts, the Court should allow Plaintiff leave to file the Amended Complaint in this case and deem that the claims of the Amended Complaint relate back to the date of the original filing (October 3, 2024) as to the Substituted Defendants.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order (i) granting the Motion and allowing the Plaintiff to file and serve the Amended Complaint, (ii) determining that the claims of the Amended Complaint relate back to the date of original filing (October 3, 2024) as to the Substituted Defendants, and (ii) granting such other and further relief as is just and proper.

Dated: January 2, 2025,
        Charlotte, North Carolina

                                HAMILTON STEPHENS
                                STEELE + MARTIN, PLLC

                                 /s/ Melanie D. Johnson Raubach
                                Melanie D. Johnson Raubach (NC Bar No. 41929)
                                525 North Tryon Street, Suite 1400
                                Charlotte, North Carolina 28202
                                Telephone: (704) 344-1117
                                Facsimile: (704) 344-1483
                                mraubach@lawhssm.com

                                        7

YOUNG, MORPHIS, BACH & TAYLOR, LLP

 /s/ Jimmy R. Summerlin, Jr.
Jimmy R. Summerlin, Jr. (NC Bar No. 31819)
P.O. Drawer 2428
Hickory, North Carolina 28603
Telephone:  (828) 322-4663
Facsimile:  (828) 324-2431
jimmys@hickorylaw.com

*Attorneys for Plaintiff*

4919-2097-8955, v. 1