**EXHIBIT A**

**Amended Complaint**

4919-2097-8955, v. 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>**Power Home Solar, LLC**,<br><br>                Debtor. | Chapter 7<br><br>Case No. 22-50228 |
| **JIMMY R. SUMMERLIN, JR.**, in his capacity as Chapter 7 bankruptcy trustee for the Estate of Power Home Solar, LLC d/b/a Pink Energy,<br><br>                Plaintiff,<br><br>v.<br><br>**ALAN J. SUSSMAN & ASSOCIATES, LLC D/B/A THE SUSSMAN AGENCY, FRANKLIN COMMUNICATIONS, INC. D/B/A COLUMBUS RADIO GROUP, SCRIPPS MEDIA, INC., NEXSTAR MEDIA GROUP, INC., AND NEXSTAR MEDIA INC. D/B/A NEXSTAR BROADCASTING, INC.**<br><br>                Defendants. | Adv. Pro. No. 24-03063 |

## AMENDED COMPLAINT

Now comes Jimmy R. Summerlin, Jr. (the "Plaintiff") as the Trustee for the Bankruptcy Estate of Power Home Solar, LLC d/b/a Pink Energy (the "Debtor"), and shows the Court as follows:

**Parties, Jurisdiction, and Venue**

1. The Plaintiff is the duly appointed, acting, and qualified Chapter 7 Trustee for the Bankruptcy Estate of the Debtor.

2. The Debtor is the debtor in the bankruptcy case bearing Case Number 22-50228 (the "Bankruptcy Case"), filed on October 7, 2022 (the "Petition Date"), and pending in the United States Bankruptcy Court for the Western District of North Carolina (the "Court").

1

3. The Court has jurisdiction in this matter by virtue of 28 U.S.C. §§ 157 and 1334, and the general order of reference for this judicial district.

4. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

5. Venue of this action is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The Plaintiff commences this action pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, sections 544, 547, 550, and 502(d) of the Bankruptcy Code, and N.C.G.S. § 39-23.1 *et seq*.

7. Alan J. Sussman & Associates, LLC d/b/a The Sussman Agency is a Michigan limited liability company ("Sussman").

8. Franklin Communications, Inc. d/b/a Columbus Radio Group is an Ohio corporation ("CRG").

9. Scripps Media, Inc. is a Delaware corporation ("Scripps").

10. Nexstar Media Group, Inc. is a Delaware corporation ("Nexstar Media Group") and Nexstar Media Inc. d/b/a Nexstar Broadcasting, Inc. is a Delaware corporation ("Nexstar Media" and together with Sussman, CRG, Scripps, and Nexstar Media Group, the "Defendants")

**Facts**

11. Defendant Sussman is an unsecured creditor in the Debtor's bankruptcy case.

12. Prior to the Petition Date, the Debtor was engaged in the business of the sale and installation of solar panels.

13. Defendant Sussman was, at all relevant times, vendors or creditors that provided goods and/or services to or for the Debtor.

14. On or within ninety (90) days prior to the Petition Date, (the "Preference Period"), the Debtor made certain transfers of an interest in its property, including transfers to or for the benefit of the Defendants herein as identified on <u>Exhibit A</u>, attached hereto and incorporated herein by reference.

15. On or about October 4, 2023 (the "Demand Date"), demand was made on behalf of the Plaintiff upon Defendant Sussman for return of the Transfers (as defined below).

16. The amounts stated in this Complaint may differ from the amount demanded by the Plaintiff in his original demand letter(s). In the months leading up to the filing of this Complaint, the Plaintiff continued to gather and review information regarding the Debtor's pre-bankruptcy transfers. In some instances, the Plaintiff's efforts resulted in necessary adjustments to preference demand amounts.

17. The Plaintiff has conducted an investigation regarding the Transfers and potential defenses thereto, which has included a review of (i) the Debtor's schedules, (ii) the Debtor's accounting system, (iii) the statements and records of Debtor accounts known to the Plaintiff, (iv) in the event the Defendants filed a proof of claim, such proof of claim, and (v) in the event the Defendants provided responsive materials to the demand letter, the responsive materials and/or arguments provided.

18. Based upon Plaintiff's review of the information, if any, provided by Defendants prior to filing this Complaint, and after performing his own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), the Plaintiff has determined that the Plaintiff may avoid some or all of the Transfers even after taking into account Defendants' affirmative defenses.

19. The Defendants have failed to repay any portion of the Transfers to the Plaintiff.

**Additional Claims**

20. Plaintiff is seeking to avoid all of the transfers of an interest of Debtor's property made by Debtor to Defendants within the Preference Period.

21. During the course of this adversary proceeding, Plaintiff may learn of additional transfers made to Defendants during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code. The Plaintiff intends to pursue all such claims. Accordingly,

Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revisions to Defendants' names, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## Transfers to Defendants

22. Debtor made various transfers to or for the benefit of the Defendants in advance of the Petition Date.

23. Specifically, the Debtor made each of the transfers listed in **_Exhibit "A"_** attached hereto and incorporated herein to, or for the benefit of, the Defendants in the amount and on the date set forth (each a "Transfer" and together the "Transfers").

24. Each of the Transfers is identified in the Debtor's accounting systems as amounts due and paid to Sussman on antecedent debt.

25. None of CRG, Scripps, Nexstar Media Group, or Nexstar Media are in the Debtor's accounting systems as a vendor to the Debtor.

26. Upon information and belief, Transfer No. 1 was made to CRG for the benefit of Sussman.

27. Upon information and belief, Transfer No. 3 was made to Scripps for the benefit of Sussman.

28. Upon information and belief, Transfer No. 4 was made to either Nexstar Media Group or Nexstar Media for the benefit of Sussman.

29. Based upon information currently available to the Plaintiff, it appears that the Defendants may have certain affirmative defenses to Plaintiff's avoidance of certain portions of the Transfers (the "Affirmative Defenses"). Based upon the Trustee's review of the Debtor's available

records and those records provided by the Defendants to the Plaintiff, if any, the Plaintiff believes the Defendants' Affirmative Defenses are as set forth on **_Exhibit "A"_** attached hereto and incorporated herein.

30. Based upon the Plaintiff's pre-filing due diligence, the Plaintiff believes and asserts that the net avoidable transfers (i.e., the total Transfers less the Affirmative Defenses) are as set forth on **_Exhibit "A"_** attached hereto and incorporated herein (the "Net Transfers").

## CLAIMS FOR RELIEF

### COUNT I
### Avoidance of All Transfers during the Preference Period - 11 U.S.C. § 547 as to Sussman

31. Plaintiff incorporates the allegations set forth in the paragraphs above.

32. Section 547(b) of the Bankruptcy Code authorizes the trustee to avoid a transfer of any interest in the debtor's property: (a) to or for the benefit of a creditor; (b) for or on account of an antecedent debt owed by the debtor before the transfer was made; (c) made while the debtor was insolvent; (d) made within 90 days before the Petition Date; and (e) that enables the creditor to receive more than it would receive had: (i) the case been filed under chapter 7 of the Bankruptcy Code; (ii) the transfer(s) not been made; and (iii) the creditor received payment of the debt to the extent provided by the Bankruptcy Code. *See* 11 U.S.C. § 547(b).

33. During the Preference Period, Debtor made the Transfers to or for the benefit of Sussman.

34. Each Transfer was made from the Debtor and each constitutes the transfer of an interest in property of the Debtor.

35. Sussman was a creditor of Debtor at the time of each Transfer by virtue of supplying goods and/or services to Debtor for which the Debtor was obligated to pay.

36. Each Transfer was made to, or for the benefit of, Sussman.

5

37. Each Transfer was made for, or on account of, an antecedent debt or debts owed by Debtor to Sussman before such Transfer were made, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Sussman prior to being paid by the Debtor.

38. Each Transfer was made within the ninety (90) day period preceding the Petition Date.

39. Based upon the Plaintiff's review, the Debtor was insolvent during the Preference Period.

40. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

41. Each Transfer enabled Sussman to receive more than it would have received if: (i) the case were a case under chapter 7 of the Bankruptcy Code, (ii) the Transfer had not been made, and (iii) the Defendants received payment of the debt to the extent provided by the provisions of the Bankruptcy Code.

42. As evidenced by Debtor's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtor's liabilities grossly exceed the value of its assets such that Debtor's unsecured creditors will not receive payment of their claims in full from the Debtor's bankruptcy estate.

43. Plaintiff brings these claims within the period afforded by the statute of limitations.

44. Plaintiff is entitled to judgment avoiding the Net Transfers under the provisions of 11 U.S.C. § 547.

**COUNT II**
**In the Alternative, Avoidance of Fraudulent Conveyances –**
**11 U.S.C. § 548(a)(1)(B); 11 U.S.C. § 544 and N.C.G.S. § 39-23.1 *et seq.* as to Sussman**

45. Plaintiff hereby incorporates all previous allegations as though fully set forth herein to the extent they are not inconsistent will allegations contained in this Second Claim for Relief.

6

46. To the extent one or more of the Transfers is determined to have not been made on account of an antecedent debt, or was a prepayment for goods and/or services subsequently received, Plaintiff pleads in the alternative that Debtor did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

    a. The Debtor was insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

    b. The Debtor was engaged, or about to engage, in business or a transaction for which any property remaining with Debtor or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

    c. The Debtor intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

47. There is at least one actual holder of an allowed claim who would have standing to assert a claim under the North Carolina Uniform Voidable Transactions Act (the "UVTA"), N.C. Gen. Stat. § 39-23.1 *et seq*.

48. The Plaintiff, as Chapter 7 trustee for the Debtor, has standing to pursue the avoidance of the Transfer(s) under the UVTA pursuant to the statutory authorities granted him under Section 544 of the Bankruptcy Code.

49. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B) and/or 11 U.S.C. § 544 and N.C.G.S. § 39-23.1 *et seq*.

**COUNT III**
**In the Alternative, Avoidance of Fraudulent Conveyances –**
**11 U.S.C. § 548(a)(1)(B); 11 U.S.C. § 544 and N.C.G.S. § 39-23.1 *et seq*. as to CRG**

50. Plaintiff hereby incorporates all previous allegations as though fully set forth herein to the extent they are not inconsistent will allegations contained in this Third Claim for Relief.

51. Transfer No. 1 was made to CRG.

52. Upon information and belief, the Debtor did not receive reasonably equivalent value in exchange for Transfer No. 1 from CRG; and

    a. The Debtor was insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

    b. The Debtor was engaged, or about to engage, in business or a transaction for which any property remaining with Debtor or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

    c. The Debtor intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

53. There is at least one actual holder of an allowed claim who would have standing to assert a claim under the North Carolina Uniform Voidable Transactions Act (the "UVTA"), N.C. Gen. Stat. § 39-23.1 *et seq*.

54. The Plaintiff, as Chapter 7 trustee for the Debtor, has standing to pursue the avoidance of the Transfer(s) under the UVTA pursuant to the statutory authorities granted him under Section 544 of the Bankruptcy Code.

55. Based upon the foregoing, Transfer No. 1 is avoidable pursuant to 11 U.S.C. § 548(a)(1)(B) and/or 11 U.S.C. § 544 and N.C.G.S. § 39-23.1 *et seq*.

### COUNT IV
### In the Alternative, Avoidance of Fraudulent Conveyances –
### 11 U.S.C. § 548(a)(1)(B); 11 U.S.C. § 544 and N.C.G.S. § 39-23.1 *et seq.* as to Scripps

56. Plaintiff hereby incorporates all previous allegations as though fully set forth herein to the extent they are not inconsistent will allegations contained in this Fourth Claim for Relief.

57. Transfer No. 3 was made to Scripps.

58. Upon information and belief, the Debtor did not receive reasonably equivalent value in exchange for Transfer No. 3 from Scripps; and

8

      a.      The Debtor was insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

      b.      The Debtor was engaged, or about to engage, in business or a transaction for which any property remaining with Debtor or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

      c.      The Debtor intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

59.    There is at least one actual holder of an allowed claim who would have standing to assert a claim under the UVTA.

60.    The Plaintiff, as Chapter 7 trustee for the Debtor, has standing to pursue the avoidance of the Transfer(s) under the UVTA pursuant to the statutory authorities granted him under Section 544 of the Bankruptcy Code.

61.    Based upon the foregoing, Transfer No. 3 is avoidable pursuant to 11 U.S.C. § 548(a)(1)(B) and/or 11 U.S.C. § 544 and N.C.G.S. § 39-23.1 *et seq*.

## COUNT V
### In the Alternative, Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B); 11 U.S.C. § 544 and N.C.G.S. § 39-23.1 *et seq.* as to Nexstar Media Group or Nexstar Media

62.    Plaintiff hereby incorporates all previous allegations as though fully set forth herein to the extent they are not inconsistent will allegations contained in this Fifth Claim for Relief.

63.    Upon information and belief, transfer No. 4 was made to either Nexstar Media Group or Nexstar Media.

64.    Upon information and belief, the Debtor did not receive reasonably equivalent value in exchange for Transfer No. 4 from Nexstar Media Group or Nexstar Media; and

      a.      The Debtor was insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

9

    b.    The Debtor was engaged, or about to engage, in business or a transaction for which any property remaining with Debtor or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

    c.    The Debtor intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

65.    There is at least one actual holder of an allowed claim who would have standing to assert a claim under the UVTA.

66.    The Plaintiff, as Chapter 7 trustee for the Debtor, has standing to pursue the avoidance of the Transfer(s) under the UVTA pursuant to the statutory authorities granted him under Section 544 of the Bankruptcy Code.

67.    Based upon the foregoing, Transfer No. 4 is avoidable pursuant to 11 U.S.C. § 548(a)(1)(B) and/or 11 U.S.C. § 544 and N.C.G.S. § 39-23.1 *et seq*.

## COUNT VI
**Recovery of Property Pursuant to 11 U.S.C. § 550; 11 U.S.C. § 544 and N.C.G.S. § 39-23.7**

68.    Plaintiff realleges all prior paragraphs of this complaint and incorporates them as if fully set forth herein.

69.    Section 550 of the Bankruptcy Code provides that if a transfer is avoided under section 547 or 548 of the Bankruptcy Code, Plaintiff may recover the property or the value of the property transferred from the initial transferee(s), or the person/entity for whose benefit the transfer(s) were made or may recover from any immediate or mediate transferee of such initial transferee. *See* 11 U.S.C. § 550(a).

70.    Section 39-23.7 of the North Carolina General Statutes similarly provides for the recovery of property transferred in avoidable transactions. *See* N.C. Gen. Stat. § 39-23.7(a).

71.    Plaintiff is entitled to avoid the Net Transfers and/or the Potentially Fraudulent Transfers (collectively, the "Avoidable Transfers") as alleged herein pursuant to 11 U.S.C. § 547(b) and/or pursuant to 11 U.S.C. § 548 and/or pursuant to N.C. Gen. Stat. § 23.1 *et seq*.

10

72. The Defendants were the initial transferees of the Avoidable Transfers or the person/entity for whose benefit the Avoidable Transfers were made or were the immediate or mediate transferee of such initial transferee.

73. There is at least one actual holder of an allowed claim who would have standing to assert a claim under the UVTA.

74. The Plaintiff, as Chapter 7 trustee for the Debtor, has standing to pursue the avoidance of the Avoidable Transfer(s) under the UVTA pursuant to the statutory authorities granted him under Section 544 of the Bankruptcy Code.

75. As a result, the Plaintiff is entitled to recover the Avoidable Transfers, plus interest thereon to the date of payment and the costs of this action, from the Defendants pursuant to the provisions of 11 U.S.C. § 550 and/or 11 U.S.C. § 544 and N.C. Gen. Stat. § 39-23.1 *et seq*.

## COUNT VII
### Disallowance of all Claims Pursuant to 11 U.S.C. § 502(d) and (j)

76. Plaintiff realleges all prior paragraphs of this complaint and incorporates them as if fully set forth herein.

77. Defendants are transferees of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

78. Defendants have not paid the amount of the Avoidable Transfers, or turned over such property, for which Defendants are liable under 11 U.S.C. § 550.

79. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendants and/or their assignees, against the Debtor's estate must be disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfers, plus interest thereon and costs.

80. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendants, and/or their assignees, against the Debtor's estate previously allowed by Plaintiff, must be reconsidered and

disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfers.

## RESERVATION OF RIGHTS

81. As this action proceeds, the Plaintiff may become aware of additional transfers or causes of action not set forth in this Complaint. The Plaintiff expressly reserves any and all rights to amend this Complaint, including, without limitation, to add additional transfers, claims and causes of action, including, without limitation, additional claims and causes of action based on newly discovered information of which the Plaintiff was not aware as of the filing of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests judgment as follows:

1. That the Court avoid all of the Avoidable Transfers made to or for the benefit of the Defendants, less any Affirmative Defenses proven to the satisfaction of the Court;

2. As to Transfer No. 1, that the Plaintiff be awarded judgment against Sussman and/or CRG in amount equal to Transfer No. 1, or in such amount as the Court determines to be due (following application of any additional Affirmative Defenses proven to the satisfaction of the Court) pursuant to 11 U.S.C. § 550 and/or 11 U.S.C. § 544 and N.C. Gen. Stat. § 39-23.1 *et seq.*;

3. As to Transfer No. 2 and Transfer No. 5, that the Plaintiff be awarded judgment against Sussman in amount equal to the sum of Transfer No. 2 and Transfer No. 5, or in such amount as the Court determines to be due (following application of any additional Affirmative Defenses proven to the satisfaction of the Court) pursuant to 11 U.S.C. § 550 and/or 11 U.S.C. § 544 and N.C. Gen. Stat. § 39-23.1 *et seq.*;

4. As to Transfer No. 3, that the Plaintiff be awarded judgment against Sussman and/or Scripps in amount equal to Transfer No. 3, or in such amount as the Court determines to be due (following application of any additional Affirmative Defenses proven to the satisfaction of the Court) pursuant to 11 U.S.C. § 550 and/or 11 U.S.C. § 544 and N.C. Gen. Stat. § 39-23.1 *et seq.*;

5.      As to Transfer No. 4, that the Plaintiff be awarded judgment against Sussman and/or Nexstar Media Group or Nexstar Media in amount equal to Transfer No. 4, or in such amount as the Court determines to be due (following application of any additional Affirmative Defenses proven to the satisfaction of the Court) pursuant to 11 U.S.C. § 550 and/or 11 U.S.C. § 544 and N.C. Gen. Stat. § 39-23.1 *et seq.*;

6.      That the Plaintiff be awarded his costs and expenses including, without limitation, his reasonable attorneys' fees to the extent permitted by applicable law;

7.      That the Plaintiff be awarded interest on the judgment amount at the federal judgment rate from the Demand Date until paid, with such recovery being for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 550(a);

8.      That any claim held or filed by Defendants against the Debtor be disallowed until Defendants return the Avoidable Transfers (less any additional Affirmative Defenses proven to the satisfaction of the Court) to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

9.      That the Court grant Plaintiff such other and further relief as the Court deems just and proper.

Dated: _____, 2024
Charlotte, North Carolina

          HAMILTON STEPHENS
          STEELE + MARTIN, PLLC

          */s/ Melanie D. Johnson Raubach*
          Melanie D. Johnson Raubach (NC Bar No. 41929)
          525 North Tryon Street, Suite 1400
          Charlotte, North Carolina 28202
          Telephone: (704) 344-1117
          Facsimile: (704) 344-1483
          mraubach@lawhssm.com

          YOUNG, MORPHIS, BACH & TAYLOR, LLP

          */s/ Jimmy R. Summerlin, Jr.*
          Jimmy R. Summerlin, Jr. (NC Bar No. 31819)
          P.O. Drawer 2428
          Hickory, North Carolina 28603
          Telephone: (828) 322-4663
          Facsimile: (828) 324-2431

jimmys@hickorylaw.com
*Attorneys for Plaintiff*

*Exhibit "A"*
**Transfers, Defenses, and Net Transfers**

| I. TRANSFERS | | | | |
|---|---|---|---|---|
| DATE | AMOUNT | RECIPIENT PER DEBTOR ACCOUNTING RECORDS | RECIPIENT PER DEBTOR TRANSFER LOG | |
| 07/18/2022 | $17,000.00 | Sussman | CRG | This Transfer shall be referred to herein as "Transfer No. 1" |
| 08/17/2022 | $40,000.00 | Sussman | Sussman | This Transfer shall be referred to herein as "Transfer No. 2" |
| 08/23/2022 | $38,578.43 | Sussman | Scripps | This Transfer shall be referred to herein as "Transfer No. 3" |
| 08/23/2022 | $46,240.00 | Sussman | Nexstar Media Group or Nexstar Media | This Transfer shall be referred to herein as "Transfer No. 4" |
| 09/13/2022 | $133,265.00 | Sussman | Sussman | This Transfer shall be referred to herein as "Transfer No. 5" |
| | TOTAL: $275,083.43 | | | |
| | | | | |
| II. AFFIRMATIVE DEFENSES | | | | |
| STATUTORY BASIS | AMOUNT | BRIEF EXPLANATION | | |
| N/A | $0 | N/A | | |
| TOTAL AFFIRMATIVE DEFENSES: | | $0 | | |

15

| | | | | | |
|---|---|---|---|---|---|
| **III. AVOIDABLE TRANSFERS** | | | | | |
| | Total Transfers | $275,083.43 | | | |
| Less | Total Affirmative Defenses | -$0.00 | | | |
| | **AVOIDABLE TRANSFERS** | **$275,083.43** | | | |

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Jimmy R. Summerlin, Jr., in his capacity as Chapter 7 bankruptcy trustee for the Estate of Power Home Solar, LLC d/b/a Pink Energy | DEFENDANTS<br>Alan J. Sussman & Associates, LLC d/b/a The Sussman Agency, Franklin Communications, Inc. d/b/a Columbus Radio Group, Scripps Media, Inc., Nexstar Media Group, Inc., and Nexstar Media Inc. d/b/a Nexstar Broadcasting, Inc. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Melanie D. Johnson Raubach (NC Bar No. 41929)<br>Hamilton Stephens Steele + Martin, PLLC<br>525 North Tryon Street, Suite 1400<br>Charlotte, NC 28202<br>(704) 344-1117 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Avoidance of All Transfers during the Preference Period - 11 U.S.C. § 547; Avoidance of Fraudulent Conveyances - 11 U.S.C. § 548(a)(1)(B); Recovery of Property Pursuant to 11 U.S.C. § 550; and Disallowance of all Claims Pursuant to 11 U.S.C. § 502(d) and (j)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $275,083.43 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br><br>Power Home Solar, LLC d/b/a Pink Energy | BANKRUPTCY CASE NO.<br><br>22-50228 ||
| DISTRICT IN WHICH CASE IS PENDING<br><br>Western District of North Carolina | DIVISION OFFICE<br><br>Charlotte Division | NAME OF JUDGE<br><br>Paul M. Black |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Melanie D. Johnson Raubach ||
|---|---|
| DATE<br><br>December __, 2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Melanie D. Johnson Raubach (NC Bar No. 41929) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.
**Attorneys.** Give the names and addresses of the attorneys, if known.
**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.
**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.