UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>**Power Home Solar, LLC**,<br><br>Debtor. | Chapter 7<br><br>Case No. 22-50228 |
| **JIMMY R. SUMMERLIN, JR.**, in his capacity as Chapter 7 bankruptcy trustee for the Estate of Power Home Solar, LLC d/b/a Pink Energy,<br><br>Plaintiff,<br><br>v.<br><br>**ALAN J. SUSSMAN & ASSOCIATES, LLC D/B/A THE SUSSMAN AGENCY, FRANKLIN COMMUNICATIONS, INC. D/B/A COLUMBUS RADIO GROUP, SCRIPPS MEDIA, INC., NEXSTAR MEDIA GROUP, INC., AND NEXSTAR MEDIA INC. D/B/A NEXSTAR BROADCASTING, INC.**,<br><br>Defendant. | Adv. Pro. No. 24-03063 |

## NOTICE OF OPPORTUNITY FOR HEARING

TAKE NOTICE that counsel for the Trustee in this case has filed a *Motion to Approve Compromise and Settlement Pursuant to Bankruptcy Rule 9019* (the "Motion"). In the Motion, the Trustee requests the Court to approve a settlement with Scripps Media, Inc. A copy of the Motion may be obtained from the Court's CM/ECF/PACER website, from the website link found at www.hickorylaw.com/pinkenergy, by request to the undersigned counsel for the Trustee, or from the website linked to the QR Code at the bottom of this notice.

Your rights may be affected. You should read this Notice carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to approve the Motion or if you want the Court to consider your views on the Motion then **on or before twenty-one (21) days from the date of this Notice**, you or your attorney must do three (3) things:

1. File with the Court a written request for a hearing at:

   U.S. Bankruptcy Court
   401 West Trade Street, Suite 2500
   Charlotte, NC 28202

1

If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

2. On or before the date stated above for filing your written request for hearing, you must also mail, email, or fax a copy of your written request for hearing to:

| | |
|---|---|
| Jimmy R. Summerlin, Jr., Trustee<br>Young, Morphis, Bach & Taylor, LLP<br>P.O. Drawer 2428<br>Hickory, NC 28603<br>Facsimile: (828) 324-2431 | United States Bankruptcy Administrator<br>401 W. Trade Street, Suite 2400<br>Charlotte, NC 28202<br><br>Melanie D. Johnson Raubach<br>Hamilton Stephens Steele + Martin, PLLC<br>525 North Tryon Street, Suite 1400<br>Charlotte, NC 28202 |

3. If you request a hearing, you or your attorney must attend a hearing which would be held at **10:30 a.m. on May 28, 2025** by video conference through Zoom for Government. No hearing will be held unless you request it.

If held, the PLEASE TAKE FURTHER NOTICE that the link to join the Zoom for Government video hearing will be:

URL: https://vawb-uscourts-gov.zoomgov.com/j/16106051116.

The Meeting ID is: 161 0605 1116 and the password is: 0922.

If any interested party needs assistance connecting to Zoom for Government, contact Judge Black's Courtroom Deputy, Catherine James, at (540) 795-6318.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief requested in the motion and may enter an order approving the motion.

Dated: April 23, 2025



HAMILTON STEPHENS
STEELE + MARTIN, PLLC

 /s/ *Melanie D. Johnson Raubach*
Melanie D. Johnson Raubach (Bar No. 41929)
525 North Tryon Street, Suite 1400
Charlotte, NC  28202
Telephone: (704) 344-1117
Facsimile: (704) 344-1483
mraubach@lawhssm.com

*Attorneys for the Estate and Jimmy R. Summerlin, Jr., in his capacity as Bankruptcy Trustee for Power Home Solar, LLC*

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>**Power Home Solar, LLC**,<br><br>Debtor. | Chapter 7<br><br>Case No. 22-50228 |
| **JIMMY R. SUMMERLIN, JR.**, in his capacity as Chapter 7 bankruptcy trustee for the Estate of Power Home Solar, LLC d/b/a Pink Energy,<br><br>Plaintiff,<br><br>v.<br><br>**ALAN J. SUSSMAN & ASSOCIATES, LLC D/B/A THE SUSSMAN AGENCY, FRANKLIN COMMUNICATIONS, INC. D/B/A COLUMBUS RADIO GROUP, SCRIPPS MEDIA, INC., NEXSTAR MEDIA GROUP, INC., AND NEXSTAR MEDIA INC. D/B/A NEXSTAR BROADCASTING, INC.**,<br><br>Defendant. | Adv. Pro. No. 24-03063 |

**MOTION TO APPROVE SETTLEMENT
PURSUANT TO BANKRUPTCY RULE 9019**

NOW COMES, Jimmy R. Summerlin, Jr., in his capacity as the Chapter 7 bankruptcy trustee (the "Trustee") for the Estate of Power Home Solar, LLC d/b/a Pink Energy (the "Debtor"), by and through his undersigned counsel moves for entry of an order approving the settlement with Scripps Media, Inc. ("Scripps Media" or "Recipient", and with the Trustee, the "Parties"), attached as **Exhibit A** to this Motion (the "Agreement"), pursuant to Local Bankruptcy Rule 9019-1(a) and

1

Bankruptcy Rule 9019 of the Federal Rules of Civil Procedure.[1] In support of this Motion, the Trustee respectfully asserts the following:

## JURISDICTION AND VENUE

1. This court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is appropriate in this district pursuant to 28 U.S.C. § 1409.

## BACKGROUND AND PROCEDURAL HISTORY

2. On October 7, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the Western District of North Carolina (the "Court"). The Trustee in this proceeding has been duly appointed and is serving as the Chapter 7 Trustee.

3. On or within ninety (90) days prior to the Petition Date (the "Preference Period"), the Debtor made certain transfers by check, wire transfer, or its equivalent, including transfers to or for the benefit of the Recipient herein.

4. During the Preference Period, the Debtor made transfers to or for the benefit of the Recipient in an aggregate amount of $38,578.43[2] (the "Transfer").

5. On October 3, 2024, counsel for the Trustee filed a complaint (as subsequently amended, the "Complaint") in connection with the Transfer in the Bankruptcy Court for the Western District Court of North Carolina, captioned *Jimmy R. Summerlin, Jr., in his capacity as Chapter 7 bankruptcy trustee for the Estate of Power Home Solar, LLC d/b/a Pink Energy v Alan J. Sussman & Associates, LLC d/b/a The Sussman Agency, Franklin Communications, Inc. d/b/a*

---

[1] All capitalized terms used in this Motion shall have the same meaning ascribed to them in the Settlement Agreement. To the extent any terms in the Motion are inconsistent with the Settlement Agreement, the Settlement Agreement shall control.
[2] Identified in the Complaint as "Transfer No. 3".

2

*Columbus Radio Group, Scripps Media, Inc., and Nexstar LLC* (Adversary Proceeding No. 24-03063) (the "Lawsuit").

6. The Lawsuit alleges that after application of defenses known to the Trustee, the avoidable transfers in the Lawsuit total $275,083.43; provided, however that only $38,578.43 of the total transfers were received by, and claimed against, Recipient.

7. The Lawsuit was amended, in accordance with Court order, to correct the names of certain Defendants, and an *Amended Complaint* was filed on February 10, 2025.

8. The Recipient asserted the defenses and arguments set forth in the Settlement Agreement.

9. Upon an evaluation of the Recipient's arguments, materials evidencing the Transfer, and materials supporting the Recipient's defenses, the Trustee submits that the settlement proposed is in the best interest of the estate.

## SETTLEMENT TERMS

10. The Agreement sets out the terms of the Parties' settlement in full. Generally, the Agreement provides for the release of the Recipient only, by Trustee in exchange for the Recipient's payment of Twenty Thousand and 00/100 Dollars ($20,000.00) to the Debtor's bankruptcy estate (the "Settlement Payment"). The Settlement Payment shall be delivered within thirty (30) days of the Court's entry of an Order approving this settlement; provided that the 30-day period for payment shall be tolled until such time as the Trustee provides Recipient with instructions for the payment of the Settlement Amount; provided, further, that to the extent the Trustee recovers, from any source, funds on account of the Transfer causing the total recovery to exceed the amount of the Transfer (i.e., $38,578.43), the Trustee shall refund to Recipient a portion of the Settlement Amount equal to the excess funds received on account of the Transfer as soon as practicable, but in no event later than thirty (30) days following receipt of the excess funds.

3

11. For the avoidance of doubt, the Settlement Agreement is not intended to release Plaintiff's (i) claims against the remaining defendants Alan J. Sussman & Associates, LLC d/b/a The Sussman Agency, Franklin Communications, Inc. d/b/a Columbus Radio Group, Nexstar Media Group, Inc., and Nexstar Media Inc. d/b/a Nexstar Broadcasting, Inc. and/or (ii) claims arising from Transfer No. 1, Transfer No. 2, Transfer No. 4, or Transfer No. 5, as such terms are defined in the Complaint.

## RELIEF REQUESTED

12. Bankruptcy Rule 9019(a) states: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

13. Generally, "compromises are favored in bankruptcy." *Myers v. Martin*, 91 F.3d 389, 393 (3rd Cir. 1996) (quoting 9 *Collier on Bankruptcy* ¶ 9019.03[1] (15th ed. 1993)). In approving a settlement, the court "need not conduct an exhaustive investigation," or mini-trial, "into the validity of the merits of the claims sought to be compromised." *United States v. Alaska Nat'l Bank (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). It is sufficient that the court finds that the settlement was negotiated in good faith as well as being reasonable, fair, and equitable. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

14. Courts have identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of creditors. *See Myers*, 91 F.3d at 393 (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)).

15. In the sound exercise of his business judgment, the Trustee has determined that the best interests of the bankruptcy estate and creditors are served by settling on the terms set forth

4

above. In reaching this conclusion, the trustee considered: (a) potential defenses, which the Recipient raised during the course of negotiation; (b) the costs and delay attendant to litigating with Recipient; (c) the risks of litigation with Recipient; (d) the ability to collect additional assets from Recipient; and (e) the lack of assets to which a judgment against the Recipient in favor of the bankruptcy estate could attach.

16. The Trustee submits that the settlement proposed herein is reasonable, fair, and equitable, was negotiated at arms' length and in good faith, and yields funds that can be distributed to the creditors in this case.

## CONCLUSION

17. The Agreement provides a resolution of disputes between the Parties in interest to this bankruptcy case relating to the Transfer and the Demand. The terms are fair and reasonable and meet the standards required by Bankruptcy Rule 9019.

18. Accordingly, the Trustee requests that the Court approve the Agreement and enter an order approving the Motion.

Dated: Charlotte, North Carolina
April 23, 2025

HAMILTON STEPHENS
STEELE + MARTIN, PLLC

 /s/ Melanie D. Johnson Raubach
Melanie D. Johnson Raubach (Bar No. 41929)
525 North Tryon Street, Suite 1400
Charlotte, NC  28202
Telephone: (704) 344-1117
Facsimile:  (704) 344-1483
mraubach@lawhssm.com

*Attorneys for the Estate and Jimmy R. Summerlin, Jr., in his capacity as Bankruptcy Trustee for Power Home Solar, LLC*

5

# EXHIBIT A

**Settlement Agreement**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>**POWER HOME SOLAR, LLC**<br>**d/b/a PINK ENERGY,**<br><br>Debtor. | Case No. 22-50228<br><br>Chapter 7 |

### SETTLEMENT AGREEMENT

**THE TERMS OF THIS AGREEMENT ARE SUBJECT TO THE APPROVAL OF THE UNITED STATES BANKRUPTCY COURT FOLLOWING APPLICABLE NOTICE AND HEARING REQUIREMENTS. SUBJECT TO SUCH APPROVAL THE PARTIES AGREE AS HEREIN SET FORTH.**

This Settlement Agreement (this "Agreement") is made and entered into, to be effective upon the entry of an Order by the United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court") approving the terms hereof, by and between Scripps Media, Inc. (the "Recipient") and Jimmy R. Summerlin, Jr., in his capacity as Chapter 7 bankruptcy trustee (the "Trustee") for the estate (the "Estate") of Power Home Solar, LLC d/b/a Pink Energy (the "Debtor"). Hereinafter, the Recipient and the Trustee are referred to as the "Parties".

**WHEREAS**, on October 7, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, in the Western District of North Carolina, Bankruptcy Case No. 22-50228; and

**WHEREAS**, the Trustee in this proceeding has been duly appointed and is serving as the Chapter 7 Trustee; and

**WHEREAS**, prior to the Petition Date, the Debtor was engaged in the business of selling and installing solar panels; and

**WHEREAS**, on or within ninety (90) days prior to the Petition Date (the "Preference Period"), the Trustee alleges that the Debtor made certain transfers by check, wire transfer, or its equivalent, including transfers to or for the benefit of the Recipient herein; and

**WHEREAS**, during the Preference Period, the Trustee alleges that the Debtor made a transfer to or for the benefit of the Recipient in an aggregate amount of $38,578.43[1] (the "Transfer"); and

---

[1] Identified in the Complaint as "Transfer No. 3".

**WHEREAS,** by orders of this Court entered in this a chapter 7 case, the Trustee has the authority to pursue and prosecute certain avoidance actions; and

**WHEREAS,** on October 4, 2023, counsel for the Trustee sent a demand letter to Alan J. Sussman & Associates, LLC d/b/a The Sussman Agency (for whose benefit the Transfer was made) seeking to avoid the Transfer as well as the other transfers identified in the Complaint (together, the "Transfers") pursuant to section 547 of the Bankruptcy Code (the "Demand"); and

**WHEREAS,** on October 3, 2024, counsel for the Trustee filed a complaint (the "Complaint") in connection with the Transfers in the Bankruptcy Court, captioned *Jimmy R. Summerlin, Jr., in his capacity as Chapter 7 bankruptcy trustee for the Estate of Power Home Solar, LLC d/b/a Pink Energy v Alan J. Sussman & Associates, LLC d/b/a The Sussman Agency, Franklin Communications, Inc. d/b/a Columbus Radio Group, Scripps Media, Inc., and Nexstar LLC*[2] (Adversary Proceeding No. 24-03063) (the "Lawsuit"); and

**WHEREAS,** the Lawsuit alleges that after application of defenses known to the Trustee, the avoidable Transfers in the Lawsuit total $275,083.43; provided, however, that the Complaint alleges that only $38,578.43 of the total Transfers (*i.e.*, the Transfer) were received by, and claimed against, Recipient; and

**WHEREAS,** the Lawsuit seeks recovery of the $38,578.43 Transfer on the alternative counts of (i) fraudulent conveyance against Recipient (as more fully described in the Complaint, "Count IV") and (ii) fraudulent conveyance and/or preferential transfer against Sussman[3]; and

**WHEREAS,** on October 10, 2024, copies of the Complaint and the Summons issued in connection therewith were deposited for delivery to Scripps Media, Inc. and were actually received on October 15, 2024; and

**WHEREAS,** the Recipient asserted various defenses to the avoidance of the Transfer, which included allegations that reasonably equivalent value were provided in exchange therefore; and

**WHEREAS,** considering the risks and costs for both Parties involved in litigation and the defenses raised or alleged by the Recipient, the Parties hereto have agreed to their mutual satisfaction to resolve the matter in accordance with the terms of this Agreement rather than litigate the factual and legal issues related to Count IV and other applicable allegations in the Complaint.

---

[2] By Order entered February 10, 2025 (Docket No. 12), the Court has permitted the Plaintiff to amend the Complaint to correct the naming of defendant Nexstar LLC to Nexstar Media Group, Inc. and Nexstar Media Inc. d/b/a Nexstar Broadcasting, Inc.

[3] *See* Counts I and II of the Complaint. Recipient is not subject to Counts I or II and, as such, this Agreement and the settlement embodied herein shall not affect Counts I or II or any claims the Estate may have against Sussman based thereon.

**NOW, THEREFORE**, for certain good and valuable consideration as further described herein, and in consideration of the foregoing, and in consideration of the mutual covenants and promises hereinafter set forth, the receipt, adequacy and sufficiency of which is hereby acknowledged, it is hereby agreed by the Parties as follows:

1. Upon execution of this Agreement, the Trustee shall file a motion for approval of this Agreement with the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; provided, however, that Recipient shall have the right to review and approve such motion prior to its filing.

2. Within thirty (30) days of approval of this Agreement by the Bankruptcy Court, the Recipient shall pay the sum of Twenty Thousand and 00/100 Dollars ($20,000.00) (the "Settlement Amount") to "Jimmy R. Summerlin, Jr., Trustee" for the benefit of the Debtor's estate via check or wire transfer, or other similar means, as instructed by the Trustee; provided that the 30-day period for payment shall be tolled until such time as the Trustee provides Recipient with instructions for the payment of the Settlement Amount; provided, further, that to the extent the Trustee recovers, from any source, funds on account of the Transfer causing the total recovery to exceed the amount of the Transfer (*i.e.*, $38,578.43), the Trustee shall refund to Recipient a portion of the Settlement Amount equal to the excess funds received on account of the Transfer as soon as practicable, but in no event later than thirty (30) days following receipt of the excess funds.

3. As soon as practicable following the Trustee's receipt of the Settlement Amount, but in no event later than fifteen (15) days following receipt, the Trustee will file a Notice of Dismissal pursuant to Fed. R. Bankr. P. 7041 and Fed. R. Civ. P. 41(a)(1) dismissing Recipient from the Lawsuit with prejudice.

4. **Release from the Estate**. Effective immediately upon an order approving this Agreement becoming a final, non-appealable order, the Trustee, on behalf of the Debtor and the Estate, hereby releases and forever discharges the Recipient, The E.W. Scripps Company, and Ion Media Networks, Inc., and their successors and assigns, and their respective officers, employees, agents, and attorneys from any and all claims, demands, actions, causes of action, suits, rights, controversies, liabilities, obligations, and damages (including, but not limited to, costs and attorneys' fees) of any kind arising under Chapter 5 of the Bankruptcy Code, including from Count IV, the Transfer and/or the Lawsuit. For the avoidance of doubt: (i) nothing in this Agreement is intended to release, and shall not release, any claim arising from or related to the Transfer, the Demand, and/or the Lawsuit as to the remaining defendants Alan J. Sussman & Associates, LLC d/b/a The Sussman Agency, NexStar, LLC, and Franklin Communications, Inc. d/b/a Columbus Radio Group[4] (the "Remaining Defendants") and (ii) nothing in this Agreement is intended to release, and shall not release, the Trustee's claims arising from Transfer No. 1, Transfer No. 2, Transfer No. 4, Transfer No. 5, or the remaining unpaid amount of Transfer No. 3, as such terms are defined in the Complaint, against the Remaining Defendants.

---

[4] The Trustee has entered into a separate settlement agreement with Franklin Communications, Inc. d/b/a Columbus Radio Group ("Franklin Communications"). If said settlement agreement is approved and the payment described therein is approved, Franklin Communications would also be dismissed from this case.

3

4930-6666-4718, v. 1
4909-1775-7487.4

5. **Release from the Recipient**. Effective immediately upon an order approving this Agreement becoming a final, non-appealable order, the Recipient, its affiliates, successors, and assigns, whether past or present, releases, acquits, and forever discharges the Trustee, the Estate, and each of their, as applicable, attorneys, representatives, successors, and assigns, whether past or present, of and from any and all claims, demands, actions, causes of action, suits, rights, controversies, liabilities, obligations, and damages (including, but not limited to, costs and attorneys' fees) of any kind arising from the Transfers, the Demand, Count IV, and/or the Lawsuit.

6. Notwithstanding the releases in Paragraphs 4 and 5, hereof, the Parties do not release each other from their obligations under this Agreement.

7. Subject to approval of the Bankruptcy Court, as applicable, each of the Parties represents and warrants:

    a. that it is represented by counsel of its own choosing in entering into the Agreement;

    b. that it has the full legal right, power, and authority to execute the Agreement;

    c. that the execution, delivery, and performance of the Agreement and the stipulations and terms herein are binding upon it;

    d. that it has read the above and foregoing Agreement; and

    e. that it is not relying on any representations of the other party or their counsel.

8. The Parties shall execute any additional documents that may be reasonably required to complete the settlement as contemplated by this Agreement and/or effectuate the terms of this Agreement.

9. This Agreement shall not be construed as an admission of any liability by either of the Parties.

10. This Agreement is governed by and shall be construed in accordance with the laws of the State of North Carolina.

11. This Agreement has been reviewed by counsel for the Parties. Accordingly, the Agreement shall be deemed to have been jointly drafted by the Parties for the purposes of applying any rule of contract construction.

12. This Agreement shall be binding upon and inure to the benefit of the respective Parties hereto and their respective successors, assigns, heirs, and devisees, if any.

13. This Agreement embodies, merges, and integrates, supersedes, and replaces all prior and current agreements and understandings of the Parties. No oral understandings, statements, promises, or inducements contrary to the terms of the Agreement exist. The Agreement cannot be changed or terminated orally.

14. Except as specifically set forth herein, each party shall be responsible for its own attorney's fees and costs.

15. The statements and representations contained herein are considered contractual in nature and not merely recitations of fact.

16. This Agreement may be executed in counterparts, the combination of which, when fully executed and delivered by all Parties, shall constitute one and the same complete agreement. Facsimile, photostatic, digital, and other reproductions of the original signatures hereto shall be deemed as originals and binding for all purposes.

**IN WITNESS WHEREOF**, the undersigned have executed this Settlement Agreement through their duly authorized representative on the dates hereinafter subscribed.

**Scripps Media, Inc.**

By: David M. Giles
Title: Chief Legal Officer

Date: 4/10/25

Jimmy R. Summerlin, Jr., Chapter 7
**Trustee for the Estate of Power Home Solar, LLC d/b/a Pink Energy**

Date: April 22, 2025

5

4930-6666-4718, v. 1
4909-1775-7487.4